IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3192-BO

| | | |
|---|---|---|
| JOHN E. MCGHEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

John E. McGhee ("plaintiff"), a federal inmate, has filed this suit pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Presently, the matter is before the court on defendants' motion to dismiss or for summary judgment. Plaintiff asserts his FTCA claim against the United States of America. He asserts his Bivens claims against M. Lee, G. Ortiz, Robin Hunter-Busker, and Nurse Scott.

Taking the facts as alleged by plaintiff, on August 1, 2008, a fight broke out, two inmates assaulted plaintiff, and plaintiff's jaw was broken. The fight occurred at the indoor recreation area of Federal Correctional Institution - Butner II ("FCI-Butner II"). The following day, on August 2, 2008, medical staff assessed plaintiff's injuries. He was to be given pain medication and an x-ray was scheduled. However, plaintiff states the medication and nutritional supplement was delayed and he was not seen by a doctor or x-rayed until August 7, 2008. While waiting for the medical attention, he was in pain and unable to chew. On August 14, 2008, plaintiff underwent surgery. He claims that before and after his surgery, defendants failed to provide medical attention, pain medication, and nutritional supplements in a timely or consistent manner. He also claims the medical staff left the 'archbars' in his jaw over two weeks longer than reasonable, which has resulted in sever pain and deformity of his jaw. One administrative grievance provided by plaintiff does state

that "[w]hile we regret that there may have been some delay in getting the archbars removed, there was no harm done as a result of prolonged retention of the archbars."

The FCI-Butner II recreation area is part of the complex wide recreation department. Mem. in Supp. of Defs' Mot. to Dismiss, or in the alternative for Summ. J., Edwards Decl. ¶ 3. The area provides recreation services to the five institutions of Federal Correctional Center-Butner ("FCC-Butner"). Id. Policy does not dictate recreation staffing levels. Id. at ¶ 4-5. "[I]n consideration of budgetary constraints, staff resources and institution security concerns, the Recreation Supervisor has determined that a minimum of two, and when possible, three recreation staff should be assigned to ensure the recreation activities are conducted in a secure and orderly manner. Id. Staff has discretion to move throughout the recreation area "to facilitate the recreation activities and monitor the inmates." Id. at ¶ 6-8. At the time of the incident, three recreation staff, including defendant M. Lee, were assigned to the area. Id. at ¶ 10. Defendant G. Ortiz was not assigned to work on the date of the fight. Id.

Plaintiff claims the FCI-Butner II recreation department was under-staffed, and the staff on duty were not in the security office or indoor recreation area during the fight. From this, plaintiff alleged deliberate indifference to his safety and well-being. Plaintiff also alleges delay in obtaining medical care a well as post surgery care.

It appears that plaintiff has failed to request any administrative remedy in regard to the failure to protect/supervise while in the FCI-Butner II recreation department. See Id., Cox Decl. ¶¶ 12-13; response, D.E.#17. On February 19, 2009, plaintiff filed an administrative claim under the FTCA which was denied on June 10, 2009. Compl., Attch.

2

i.  Bivens

The court shall first review the Bivens claims for deliberate indifference and failure to protect. Because the court has considered matters outside of the pleadings, the motion shall be considered as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-87.

a.  Hunter-Buskey and Scott

Defendant Hunter-Buskey and defendant Scott assert as commissioned officers in the Public Health Service ("PHS") when treating McGhee, each is entitled to absolute immunity. See 42 U.S.C. § 233(a); Hui v. Castaneda, ___ U.S. ___, 130 S. Ct. 1845, 1851 (2010); Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000); Cook v. Blair, No. 5:02-CT-609-BO, 2003 WL 23857310, *1-2 (E.D.N.C. Mar. 21, 2003); see generally United States v. Smith, 499 U.S. 160, 170 n.11 (1990) (discussing absolute immunity provided to commissioned PHS officers by 42 U.S.C.

3

§ 233(a)).

The evidence holds both individuals to be a commissioned PHS officer detailed to FCC Butner. Robin Hunter-Buskey works as a Physician Assistant, Decl. Hunter-Buskey ¶ 1 -2, and Addie Scott works as a Registered Nurse. Decl. Scott ¶ 1 -2 Each was serving in that capacity when treating McGhee. Id. Therefore, plaintiff cannot proceed with his claims against Hunter-Buskey and Scott and plaintiff's claims against them are DISMISSED.

b.  Lee and Ortiz

Defendant Lee and defendant Ortiz raise plaintiff's failure to exhaust administrative remedies as the affirmative defense to the failure to protect claim. It is well established that a plaintiff seeking to redress prison conditions must first exhaust all available administrative remedies. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 740-41 (2001). The Federal Bureau of Prisons ("BOP") maintains a three-step procedure for processing inmate grievances. The inmate must first direct his complaint to the warden of his institution through a written administrative remedy request. 28 C.F.R §§ 542.12, 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the regional director. 28 C.F.R. § 542.15(a). Lastly, the inmate may appeal to the office of general counsel in Washington, D.C. 28 C.F.R. 542.15. Each step of the process has its own time limits and procedural instructions, and inmates are required to adhere to them.

Plaintiff agrees that he has failed to exhaust his administrative remedies, and the "Court is without jurisdiction to review this claim under Bivens." (Response, p. 4). Plaintiff seeks to proceed as to this claim soley under the FTCA. Id. Thus, the claim for failure to protect is DISMISSED without prejudice.

ii.  FTCA

Under the FTCA, plaintiff alleges both negligent medical care for failure to provide treatment for plaintiff and lack of proper security. Both issues are properly exhausted and timely raised in this court. See "Right to Sue Letter," Response to Mot. to Dismiss, Ex. A. No outside attachments and materials have been considered, and the court considers the issues under the applicable motion to dismiss standard. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [citing Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007)]. A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556." Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009).

a.  Medical claim

Defendant seeks dismissal of McGhee's FTCA claim for "failure to comply with North Carolina's pre-filing requirement Rule 9(j)." Mem. Supp. Mot. Dismiss at 14. Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." See 28 U.S.C. §§ 2647, 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). North Carolina substantive law controls claim. See, e.g., Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (quotation omitted); see also 28 U.S.C. § 1346(b).

5

In North Carolina there are substantive legal requirements that a person must follow to pursue a medical malpractice claim. In North Carolina, a plaintiff asserting negligence must prove the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, a causal relationship between the breach of duty and the plaintiff's alleged injuries, and certain actual injury or loss sustained by the plaintiff. Camalier v. Jeffries, 340 N.C. 699, 706 (1995); Blackwell v. Hatley, 688 S.E.2d 742, 746 (N.C. Ct. App. 2010).

North Carolina Rule of Civil Procedure 9(j) states in relevant part:

Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. § ] 90-21.12 shall be dismissed unless:

> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j).

Failure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt. Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676-77

(W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713-14 (E.D.N.C. 2001).

The North Carolina legislature did not create an exception for ignorance or good cause in enacting Rule 9(j). "Rule 9(j) unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading requirements." Barringer v. Forsyth County Wake Forest Univ. Baptist Med. Ctr., 197 N.C. App. 238, 255, 677 S.E.2d 465, 477 (2009). Furthermore, plaintiff's status as a prisoner does not excuse his failure to comply with Rule 9(j)'s pre-filing certification requirements. See, e.g., Smith v. United States, No. 1:08cv838 (LO/JFA), 2010 WL 256595, at *3 n.5 (E.D. Va. Jan. 19, 2010) (unpublished).

Rule 9(j) provides one narrow exception: a litigant is excused from Rule 9(j)'s pre-filing certification requirement if negligence may be established under the doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (emphasis removed) (quotation omitted); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); Schaffner v. Cumberland County Hosp. Sys., Inc., 77 N.C. App. 689, 691-94, 336 S.E.2d 116, 118-19 (1985) (patient's hand burned during ear surgery); Hyder v. Weilbaecher, 54 N.C. App. 287, 292, 283 S.E.2d 426, 429 (1981) (stainless steel wire left in patient). Notably, "[w]hen treatment results in an injury to an area implicated in the surgical field, however, common knowledge does not support an inference of negligence in North Carolina." Wright v. United States, 280 F. Supp. 2d 472, 481 (M.D.N.C. 2003) (citing Diehl, 140 N.C. App. at 380, 536 S.E.2d at 363 ("This Court does not believe that the proper standard of care . . . for gallbladder removal nor its attendant risks are within the common knowledge or experience of a jury.")).

7

At present, the court has before it a complaint from a plaintiff who sustained an injury on August 1, 2008. Plaintiff, by his account, was in terrible pain and sought medical attention. For six days this continued. On the sixth day, an x-ray was finally taken and it was determined his jaw was broken. Thereafter, the following day surgery was performed. Plaintiff had in place an archbar which was to be removed per medical instruction. Plaintiff sought its removal at the set time per doctor's order, yet Butner failed to arrange to have the archbar timely removed and conceded in an administrative grievance there was a delay. On a motion to dismiss, the claim survives.

b. <u>Failure to protect claim</u>

The liability of the United States under the FTCA is limited by the discretionary function exception. This exception relieves the United States of liability for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exception is the "most important" exception to the FTCA's waiver of sovereign immunity. <u>McMellon v. United States</u>, 387 F.3d 329, 335 (4th Cir .2004). The exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities to exposure to suit by private individuals." <u>United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)</u>, 467 U.S. 797, 808 (1984). To determine whether the discretionary function exception applies to conduct by a federal agency or employee, a court must determine first whether the challenged conduct "involves an element of judgment or choice." <u>Suter v. United States</u>,

441 F.3d 306, 310 (4th Cir. 2006) (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)). If the conduct does involve an element of judgment or choice, the court must inquire whether the challenged action was "based on considerations of public policy." Id. When the discretionary function exception applies to bar an FTCA claim, federal courts lack subject matter jurisdiction over the case. Williams v. United States, 50 F.3d 299 (4th Cir.1995).

When a federal prisoner sues under the FTCA for injuries caused by a fellow inmate, circuit courts have uniformly held the action to be barred by the discretionary function exception. See, e.g., Donaldson v. United States, 281 Fed. App'x, 75, 76-78 (3d Cir.2008) (upholding dismissal of an FTCA claim that federal prison employees failed to protect plaintiff from assault by a fellow prisoner on a finding that the claim was barred by the discretionary function exception); Alfrey v. United States, 276 F.3d 557, 565 (9th Cir. 2002); Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir.1998) (reversing judgment in favor of prisoner who brought an FTCA action for injuries sustained as the result of an attack by another inmate); Dykstra v. United States Bureau of Prisons, 140 F.3d 791 (8th Cir.1998) (discretionary function exception applied to bar suit for prison officials' failure to warn plaintiff that his youthful appearance might make him vulnerable to attack or to place him in protective custody when plaintiff complained that fellow inmate was staring at him); Calderon v. United States, 123 F.3d 947 (7th Cir.1997) (discretionary function exception applied to FTCA claim for government's failure to protect plaintiff from attack by cellmate); Buchanan v. United States, 915 F.2d 969 (5th Cir.1990) (discretionary function exception applied to FTCA claim for damages by prisoners held hostage during a prison uprising); see also, Graham v. United States, 2002 WL 188573 (E.D. Pa. Feb. 5, 2002).

Plaintiff's FTCA claim that federal officials negligently failed to protect him from assault by another inmate is barred by the discretionary function exception. Therefore, this court lacks subject matter jurisdiction over plaintiff's federal FTCA claim for failure to protect. Williams, 50 F.3d at 304-05.

Accordingly, defendants' motion for summary judgment, as for the Bivens claims, is GRANTED, and the claims are DISMISSED. Likewise, defendants' motion to dismiss as to the FTCA claim for failure to protect is GRANTED and the claim is DISMISSED, however, the medical malpractice claim survives the motion to dismiss review and is ALLOWED to continue against the United States.

SO ORDERED, this the 3 day of February 2011.

TERRENCE W. BOYLE
United States District Judge