**FILED**

JUL 2 2 2011

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3192-BO

| | |
|---|---|
| JOHN E. MCGHEE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| Defendants. ) | |

John E. McGhee ("plaintiff"), a federal inmate, filed this suit pursuant to the Federal Tort

Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403

U.S. 388 (1971). On February 4, 2011, the court entered a detailed order which granted defendants'

motion for summary judgment, as to the Bivens claims. Likewise, the court granted defendants'

motion to dismiss as to the FTCA claim for failure to protect. However, the court denied the motion

to dismiss as to the FTCA regarding medical malpractice. This claim survived the motion to dismiss

review and was allowed to continue against the United States.

Now before the court is the United States motion for reconsideration of the denial of the

motion to dismiss. Given the one surviving issue, Federal Rule of Civil Procedure 54(b) governs

the motion for reconsideration. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15

(4th Cir. 2003). Pursuant to Rule 54(b), in the absence of an express order directing final judgment

as to certain claims or parties:

> [A]ny order or other form of decision, however designated, which adjudicates
> fewer than all of the claims or the rights and liabilities of fewer than all the parties
> shall not terminate the action as to any of the claims or parties, and the order or
> other form of decision is subject to revision at any time before the entry of
> judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b). "A district court retains the power to reconsider and modify its interlocutory

judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, 326 F.3d 505 at 514-515 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," Id. at 514, but "committed to the discretion of the district court." Id. at 515. For guidance, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

Similarly, courts applying Rule 54(b) have borrowed factors from Rule 59(e) and Rule 60(b), which include (1) evidence not previously available has become available, (2) an intervening change in the controlling law, (3) a clear error of law or manifest injustice, (4) mistake, inadvertence, surprise or excusable neglect, or (5) any other reason justifying relief from the operation of the judgment. See Fayetteville Investors, 936 F.2d at 1469 (noting use by some district courts of reasons set out in Rule 60(b) in deciding motions to reconsider under Rule 54(b)); Superior Bank v. Tandem Nat'l Mortg., 197 F. Supp.2d 298, 332 (D. Md. 2000) (citing and referring to Rule 59(e) and Rule 60(b) factors).

The United States asserts that North Carolina Rule of Civil Procedure 9(j) "operates to shield health care providers from frivolous medical malpractice actions." Mem. of Law in Supp. of Defs' Mot. for Reconsideration, citing Mathis v. GEO Group, Inc., et al., No. 2:08-CT-21-D (E.D.N.C.

2

November 9, 2009) They argue "as this Court recognized," that "a plaintiff's failure to comply with Rule 9(j)'s pre-filing certification requirement compels dismissal of the complaint, except where negligence can be established under the doctrine of res ipsa loquitur." Id. citing Order at 6 & 7; Rule 9(j)(3). They argue that because "plaintiff cannot show that direct proof of the cause of plaintiff's injury is not available," and because one cannot resort to common knowledge to determine whether the alleged delay in removing the archbars deviated from the applicable standard of care, res ipsa loquitur is inapplicable in this case. Thus they contend this court's holding in incorrect and that Rule 9(j)(3)'s exception should not be applied to excuse plaintiff from the pre-filing certification requirement.

The undersigned held in its prior order the following:

> Rule 9(j) provides one narrow exception: a litigant is excused from Rule 9(j)'s pre-filing certification requirement if negligence may be established under the doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359,362 (2000) (emphasis removed) (quotation omitted); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); Schaffmer v. Cumberland County Hosp. Sys., Inc., 77 N.C. App. 689, 691-94, 336 S.E.2d 116, 118-19 (1985) (patient's hand burned during ear surgery); Hyder v. Weilbaecher, 54 N.C. App. 287, 292, 283 S.E.2d 426, 429 (1981) (stainless steel wire left in patient). Notably, "[w]hen treatment results in an injury to an area implicated in the surgical field, however, common knowledge does not support an inference of negligence in North Carolina." Wright v. United States, 280 F. Supp. 2d 472, 481 (M.D.N.C. 2003) (citing Diehl, 140 N.C. App. at 380, 536 S.E.2d at 363 ("This Court does not believe that the proper standard of care . . . for gallbladder removal nor its attendant risks are within the common knowledge or experience of a jury.")).
>
> At present, the court has before it a complaint from a plaintiff who sustained an injury on August 1, 2008. Plaintiff, by his account, was in terrible pain and sought medical attention. For six days this continued. On the sixth day, an x-ray was finally taken and it was determined his jaw was broken. Thereafter, the following day surgery was performed. Plaintiff had

3

in place an archbar which was to be removed per medical instruction. Plaintiff sought its removal at the set time per doctor's order, yet Butner failed to arrange to have the archbar timely removed and conceded in an administrative grievance there was a delay. On a motion to dismiss, the claim survives.

The basis of defendant's claim is that the court misapplied the correct standard. However, re-argument over previously decided issues by the court is not a basis upon which to grant a motion for reconsideration . See DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993); and Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Specifically, United States also argues that under Yorke v. Novant Health, Inc, 192 N.C. App. 340 (2008) plaintiff cannot satisfy the first element of res ispa loquita, not being able to offer direct proof of the cause of the injury. Under North Carolina jurisprudence "res ipsa loquitur doctrine is only applicable where 'there is no direct proof of the cause of the injury available to the plaintiff.'" Parks v. Perry, 68 N.C.App. 202, 207, 314 S.E.2d 287, 290, disc. review denied, 311 N.C. 761, 321 S.E.2d 142, 143 (1984). The Parks example of "direct proof" is that defendant doctor performed a hysterectomy on plaintiff while the plaintiff was under general anesthesia. Id. at 204, 314 S.E.2d at 288. When plaintiff awoke after the surgery, she experienced numbness and weakness in her fingers. Id. Doctors later determined that plaintiff had suffered damage to the ulnar nerve in her right arm. Id. The court therefore held:

[T]here is no direct proof of the cause of the injury available to the plaintiff. The only evidence that [the plaintiff] can testify to is that before the general anesthesia she had a healthy functional right hand, yet after the operation she awoke with numb fingers as a result of damage to her ulnar nerve. Similarly, neither [the defendant nurse] nor the other defendants can offer direct evidence as to how the injury occurred.

Id. at 207, 314 S.E.2d at 290. Conversely, in the Yorke, case which the United States argues is controlling, Mr. Yorke offered direct proof of the cause of his injury, a blood pressure cuff. The

4

court held that "[u]nlike in Parks, where the plaintiff was under general anesthesia at the time her injury occurred and therefore could not offer direct proof of its cause, Mr. Yorke here was fully aware of the cause of his alleged injury. In fact, Mr. Yorke identified his blood pressure cuff as the source of his injury numerous times to medical personnel over the four days that his injury allegedly occurred. When a plaintiff offers direct evidence of the negligence that led to his injury, the doctrine of res ipsa loquitur is inapplicable." These cases were not decided on a motion to dismiss. Here we have allegations, as stated in the previous order, that plaintiff sustained an injury on August 1, 2008. Plaintiff, by his account, was in terrible pain and sought medical attention. No treatment was rendered for six days. On the sixth day, an x-ray was finally taken. At that point, it was determined his jaw was broken. The following day surgery was performed. An archbar was put into plaintiff's mouth and was to be removed per medical instruction on a date certain. Plaintiff sought its removal at the set time per doctor's order, yet Butner failed to arrange to have the archbar timely removed and conceded in an administrative grievance there was a delay. There are factual disputes at this time and no direct evidence has been proffered as to the cause of the injury. Before the court are allegations of several delays in receiving any medical care, i.e. the first delay of six days after the incident in which his jaw was broken, and allegations of the second delay between the appointed time to remove the archbar and the actual time it was removed.

Material issues of fact exist and the motion for reconsideration is DENIED (D.E. # 23). Furthermore, in the interest of justice NCPLS is ORDERED to represent plaintiff for the purpose of any additional dispositive motions filed with the court. Lastly, the Clerk is DIRECTED to enter a revised scheduling order.

5

SO ORDERED, this the __22__ day of July 2011.

TERRENCE W. BOYLE
United States District Judge

6